**PALESTINE CONTRACTORS, INC.,**
Appellant,

v.

**Arnita Jean ROACH et al., Appellees.**

No. 5374.

Court of Civil Appeals of Texas,
Waco.

Nov. 27, 1974.

Rehearing Denied Dec. 31, 1974.

Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, Paxton, Whitaker & Parsons, Palestine, for appellant.

McDonald & Calhoon, Palestine, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (defendant) Palestine Contractors, Inc., from an order overruling its plea of privilege.

Plaintiffs Roach, the beneficiary-heirs of Herbert Roach, deceased, sued defendants Palestine Contractors, Inc., Lone Star Producing Company, and Lone Star Gas Company, under the wrongful death statute, alleging deceased was killed on June 19, 1973 in an explosion at a gas well site in Leon County. Plaintiffs plead the explosion occurred in oil field equipment which had been installed by Palestine on a gas

well owned by Lone Star Producing, and being tested by Lone Star Gas, at the time of the occurrence.

Plaintiffs alleged Palestine Contractors negligent in: a) Failing to install a regulator on the equipment; b) Placing a drop pot negligently; c) Constructing a drip pot negligently; d) Connecting a drip pot negligently; and that such negligence was a proximate cause of the occurrence.

Certain negligence was alleged against Lone Star Producing and Lone Star Gas.

All 3 defendants filed pleas of privilege.

Plaintiffs controverted contending venue sustainable in Leon County under Subdivision 9a, Article 1995, Vernon's Ann.Civ. Tex.St.

The trial court sustained Lone Star Producing and Lone Star Gas pleas of privilege, and there is no appeal from such action.

The trial court overruled the plea of privilege of defendant Palestine Contractors, which appeals on 9 points contending among other things:

1) There is no evidence and/or insufficient evidence of any act of negligence by Palestine.

2) There is no evidence and/or insufficient evidence that Palestine's negli-

gence was a proximate cause of the occurrence.

3) Plaintiffs failed to prove by a preponderance of the evidence a cause of action accruing in Leon County against Palestine.

Deceased was an employee of Lone Star Producing. He was killed in an explosion of a gas well owned by Lone Star Producing, in Leon County, while it was being tested. Defendant Palestine Contractors is in the oil and gas well servicing business, and Lone Star Producing is one of its customers. Palestine was employed by Producing to hookup the well so gas could be sold (to Lone Star Gas Company). No written diagrams were furnished on the installation hookup as this was something Palestine knew about as they had done this many times in the past for Lone Star Producing and others. The well had a head pressure of 4200 pounds per square inch. Palestine hooked up the installation between March 20 and April 2, 1973. On June 9, 1973 the well was turned on and operated until June 19, 1973 under a flow line pressure of 550 pounds. On June 19, 1973 deceased was working at the well when the drip pot exploded (at a last recorded pressure of 740 pounds) resulting in his death.

A schematic diagram of the well hookup follows:

The record reflects Palestine determined a drip pot was needed, and had a drip pot built by a welder exactly as Palestine specified. Palestine installed the drip pot on the discharge side of the separator; it was built out of 13⅝ diameter pipe; it was flat on each end; it did not have a regulator on it. Palestine knew the way they hooked it up it would have the same pressure as the separator which was between 500 and 800 pounds. A drip pot that is orange peeled or bullet shaped on the end will hold a great deal more pressure than one which has a flat plate on the ends. To construct a drip pot for high pressure; a 2 inch pipe shaped like a bullet on both ends should be used. There should be a regulator installed to reduce the pressure. The drip pot here installed should not have had over 100 pounds of pressure placed on it; the way it was hooked up it would probably get more pressure on it than it could stand. Palestine knew there would be between 500 and 800 pounds of pressure on the drip pot.

■ The venue facts necessary for plaintiffs to establish to sustain venue in Leon County under Subdivision 9a, Article 1995 are:

1) That act or omission of negligence occurred in Leon County.

2) Such act was of the defendant or his agent.

3) That such negligence was a proximate cause of plaintiff's injury.

■ Palestine's contract created a legal duty to perform in such a manner as to not create a dangerous condition. Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508.

■ There is ample evidence that Palestine was negligent in failing to install a regulator; in designing and installing the drip pot; and that it could be foreseen by a reasonably prudent person in the same or similar circumstances as Palestine that the drip pot would explode causing injury or death to one tending the well.

Appellant's points and contentions are overruled.

Affirmed.